UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-60680-CIV-SMITH/HUNT

PETER SHRAMKO,

Plaintiff,

vs.

BANK OF AMERICA CORP.,

Defendant.

_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's Motion to Dismiss ("Motion"). ECF No. 6. The Honorable Rodney Smith referred the Motion to the undersigned for a report and recommendation. ECF No. 7; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the case file, and applicable law, the undersigned respectfully RECOMMENDS the Motion be GRANTED as set forth below.

This case is the lead case in a pair of cases that Judge Smith ordered be consolidated, finding that the cases "involv[ed] the same subject matter which is a material part of the subject matter of this instant action." ECF No. 8 at 1. The consolidated case involved the same Plaintiff, Peter Shramko, and Defendant, Bank of America, but was before the undersigned for all matters. *See* Case No. 26-60312-CIV-HUNT ("Shramko I").

*Shramko I* arose initially when Plaintiff filed an action in the Seventeenth Judicial Circuit in and for Broward County, Florida, against Defendant alleging various misdeeds regarding funds originally belonging to Plaintiff's late father, John Shramko. Defendant removed the matter to federal court based on diversity jurisdiction and then filed a Motion

to Dismiss in that case, arguing that Plaintiff's claims were barred by the statute of limitations and that Plaintiff had failed to state a claim. *Shramko I* at ECF No. 3. Plaintiff did not respond to Defendant's Motion and appears to have instead filed a new case in state court attempting to avoid federal jurisdiction. Defendant removed the second action to federal court, and the Court has now consolidated the two cases.

Notably, prior to the consolidation, the undersigned granted Defendant's Motion to Dismiss *Shramko I* because Plaintiff failed to make any filings in opposition to the Motion to Dismiss. *Id*. at ECF No. 5. The undersigned reasoned that "[u]nder Southern District of Florida Local Rule 7.1(c), failure to oppose a motion within fourteen days of service of the motion may be deemed sufficient cause to grant the motion by default." *Garcia v. Acil Corp*., No. 12-20761-CIV-MORENO, 2012 WL 12895224, at *1 (S.D. Fla. June 27, 2012). Because Plaintiff failed to file any response to Defendant's Motion, the Court granted it by default. *Id.*

Although the undersigned ultimately vacated the Order granting Defendant's Motion in *Shramko I* so that the cases could be consolidated, the same circumstances have arisen in this case. Defendant has moved to dismiss Plaintiff's claims, and Plaintiff has not responded. In this case, Defendant expressly filed a notice that Plaintiff failed to respond, and Plaintiff has remained silent. *See* ECF No. 11. Indeed, Plaintiff has not challenged the removal of this case or Defendant's position in any way.[1] Given Plaintiff's

---

[1] To the extent that Plaintiff's unwillingness to participate arises from a belief that this Court lacks jurisdiction over the matter, the Court finds that the Parties are diverse for purposes of removal. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Bank of America alleges, and Plaintiff has not contradicted, that its principal place of business is in North Carolina. ECF No. 1 at *2. It is uncontested that Plaintiff is a citizen of Florida. It is likewise

silence, the undersigned once again finds that "the motion to dismiss may be granted by default and the Plaintiff's case may be dismissed without prejudice." *Garcia*, 2012 WL 12895224, at *1.

Accordingly, it is hereby RECOMMENDED that:

Defendant's Motion to Dismiss, ECF No. 7, should be GRANTED; and

Plaintiff's Complaint should be DISMISSED without prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 15th day of October 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
**The Honorable Rodney Smith**
**All Counsel of Record**
**Peter Shramko**
4922 N.W. 54th Ave
Coconut Creek, FL 33073
PRO SE

---

uncontested that the amount in controversy is greater than $75,000. Federal courts in Florida have found these circumstances enough to find diversity jurisdiction. *See, e.g.*, *Stern v. Bank of Am. Corp.*, No. 2:15-CV-153-FTM-29CM, 2015 WL 3440419, at *1 (M.D. Fla. May 28, 2015); *Correa v. Bank of Am. Nat'l Ass'n*, No. 20-25167-CIV-WILLIAMS/MCALILEY, 2021 WL 7502566, at *2 (S.D. Fla. Apr. 8, 2021), *report and recommendation adopted*, No. 20-25167-CIV-WILLIAMS/MCALILEY, 2021 WL 7502568 (S.D. Fla. May 7, 2021).